**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries   ⌄

**05/12/2026**

    Certificate of Service
    **Certificate of Service**

    Certificate of Service; Electronic Filing Certificate of Service.
        **Filed By:** ANDREW T. DRAZEN
        **On Behalf Of:** DENNIS WARE

**04/28/2026**

    **Order**
    Stipulated Confidentiality and Protective Order SO ORDERED: JUDGE BRIAN MAY

**04/24/2026**

    Certificate of Service
    **Certificate of Service**

    Certificate of Service; Electronic Filing Certificate of Service.
        **Filed By:** ANDREW T. DRAZEN
        **On Behalf Of:** DENNIS WARE

**04/13/2026**

    Motion Filed
    **Defendant Costco Wholesale Corporations Motion for Entry of Protective Order**

    Defendant Costco Wholesale Corporations Motion for Entry of Protective Order; Exhibit 1 - Stipulated Protective Order; Electronic Filing Certificate of Service.
        **Filed By:** JENNIFER LYNN WOULFE
        **On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE #368

**04/07/2026**

    Response Filed
    **Response to Affirmative Defenses**

    Response to Affirmative Defenses; Electronic Filing Certificate of Service.
        **Filed By:** ANDREW T. DRAZEN
        **On Behalf Of:** DENNIS WARE

**04/06/2026**

    Entry of Appearance Filed
    Entry of Appearance of Allison E. Thompson of Galloway, Johnson, Tompkins, Burr Smith, P.C. on behalf of Defendant Costco Wholesale Corporation; Electronic Filing Certificate of Service.
        **Filed By:** ALLISON EVANS THOMPSON
        **On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE #368
    Entry of Appearance Filed
    Entry of Appearance of John P. Kemppainen, Jr. and Galloway, Johnson, Tompkins, Burr Smith, P.C. on behalf of Defendant Costco Wholesale Corporation; Electronic Filing Certificate of Service.
        **Filed By:** JOHN KEMPPAINEN JR.
        **On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE #368
    Cert Serv of Req for Admission
    **Certificate of Service re Defendant Costcos Requests for Admissions to Plaintiff**

    Certificate of Service re Defendant Costcos Requests for Admissions to Plaintiff; Electronic Filing Certificate of Service.
        **Filed By:** JENNIFER LYNN WOULFE
        **On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE #368

Defendant Costco Wholesale Corporation's Answer to Plaintiffs Petition for Damages; Electronic Filing Certificate of Service.
**Filed By:** JENNIFER LYNN WOULFE
**On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE #368

Entry of Appearance Filed

Entry of Appearance of Jennifer L. Woulfe of Galloway, Johnson, Tompkins, Burr Smith, PC on behalf of Defendant Costco Wholesale Corporation; Electronic Filing Certificate of Service.
**Filed By:** JENNIFER LYNN WOULFE
**On Behalf Of:** COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE #368

**03/18/2026**

Entry of Appearance Filed

Entry of Appearance - ATD; Electronic Filing Certificate of Service.
**Filed By:** ANDREW T. DRAZEN
**On Behalf Of:** DENNIS WARE

**03/09/2026**

**Affidavit Special Process Serv**
Return of Service - Costco Wholesale.
**Filed By:** GRZEGORZ FLOREK

**Corporation Served**
Document ID - 26-SMCC-3637; Served To - COSTCO WHOLESALE CORPORATION; Served Date - 03/05/2026; Served Time - 15:38:01; Service Type - SD; Reason Description - SERV; Service Text -

**03/03/2026**

**Summons Issued-Circuit**
Document ID: 26-SMCC-3637, for COSTCO WHOLESALE CORPORATION Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**02/26/2026**

**Judge Assigned**
DIV 1
**Filing Info Sheet eFiling**

**Filed By:** GRZEGORZ FLOREK
Motion Special Process Server
**Request for Appointment of Special Process Server**

**Request for Appointment of Special Process Server FINAL**

Request for Appointment of Special Process Server.
**Filed By:** GRZEGORZ FLOREK
**On Behalf Of:** DENNIS WARE
**Pet Filed in Circuit Ct**
Petition.
**Filed By:** GRZEGORZ FLOREK
**On Behalf Of:** DENNIS WARE

26SL-CC02060

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

DENNIS WARE,                                )
                                            )
    **Plaintiff,**                           )    Cause No.
                                            )
**v.**                                      )    Division No.
                                            )
COSTCO WHOLESALE                            )
CORPORATION *d/b/a* COSTCO                  )
WHOLESALE #368,                             )
Serve: CT Corporation System               )
       5661 Telegraph Rd., Ste 4B       )    **JURY TRIAL DEMANDED**
       St. Louis, MO 63129              )
                                            )
    Defendant.                          )
                                            )

### PETITION FOR DAMAGES

COMES NOW Plaintiff, Dennis Ware, by and through his attorneys of record, Goldblatt & Singer, and for his causes of action against Defendant Costco Wholesale Corporation *d/b/a* Costco Wholesale #368 (hereinafter "Costco"), states and avers as follows:

### GENERAL ALLEGATIONS

1.    At all relevant times herein mentioned, Plaintiff Dennis Ware was a resident of Missouri.

2.    Defendant Costco Wholesale Corporation *d/b/a* Costco Wholesale #368 ("Costco") is a Missouri corporation, organized and doing business in the State of Missouri.

3.    The tortious acts and the injuries caused discussed herein occurred in whole or substantial part in St. Louis County, Missouri, providing this Court with jurisdiction and venue over the matter.

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

4.    At all relevant times to this action, Defendant Costco owned and/or possessed and/or controlled the business located on 4200 Rusty Road, in the County of St. Louis, State of Missouri.  Defendant was responsible for the management, general maintenance, upkeep, and safety of the premises known as Costco.  Defendant had a duty to inspect the premises for dangerous conditions before customers were on the property.

5.    At all times relevant herein mentioned, Plaintiff was a guest and invitee of Defendant. Defendant had the expectation of gaining a material benefit from Plaintiff's visit to the business. Plaintiff was relying on Defendant to prevent an unreasonable risk of harm to him.

6.    On or about March 26, 2021, Plaintiff was receiving instructions on where to go inside the premises of Costco, and when Plaintiff turned to follow said instructions, Plaintiff tripped over a flatbed cart where he fell and seriously injured his face, bilateral shoulders, left knee, bilateral shins, and bilateral feet.

7.    Defendant, its agents and employees, owed a duty to inspect the premises on a regular basis, note any dangerous conditions thereof, and remedy, barricade or warn invitees about such conditions so that invitees would not be unnecessarily injured.

8.    Defendant owed a duty of using reasonable care under the circumstances.

9.    Defendant and/or its employees or agents knew or should or could have known of the existence of the dangerous condition of the flatbed cart.

10.    Defendant and its employees and/or agents did not use ordinary care to maintain the area of the flatbed cart, warn of the dangerous condition, barricade or mark or light the dangerous condition, or simply remove or correct the dangerous condition of the flatbed cart.

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

## COUNT I: PREMISES LIABILITY

11.     Plaintiff incorporates paragraphs 1 through 10, above, as though fully set forth herein.

12.     At all times herein concerned, Defendant had actual control and possession of the premises.

13.     While exercising ordinary care under the circumstances, Plaintiff was walking in an area where guests and invitees are known to walk when he fell due to the flatbed cart, causing Plaintiff to injure his face, bilateral shoulders, left knee, bilateral shins, and bilateral feet.

14.     The flatbed cart in an area that it was not supposed to be in and in the pathway of guests and invitees constituted a dangerous condition.

15.     The dangerous conditions were created by Defendant, its agents or employees.

16.     Defendant or its employees or agents did not exercise ordinary care to remove, remedy, barricade, mark, or warn of the dangerous condition.

17.     As a result of the dangerous condition, the property of Defendant or the property under Defendant's possession and control, was not reasonably safe.

18.     The fall aforesaid and the injuries and damages sustained by Plaintiff described below are the direct and proximate result of the negligence, carelessness, faults and omissions of Defendant in one, more, or all of the following particulars, to wit:

   a.     choosing not to use ordinary care to remedy, barricade, guard against mark or warn about the dangerous condition, when

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

Defendant knew or in exercise of ordinary care could have known about the dangerous condition;

b.  choosing not to carefully inspect the flatbed cart or the area in which it was placed, for dangerous conditions, such as the one presented by the placement of said flatbed cart in the pathway of guests and invitees; and,

c.  choosing to allow the flatbed cart to be placed in an area where invitees normally walk, causing Plaintiff to fall, and suffer injuries.

19.    Defendant's negligence, carelessness, faults and omissions, as aforesaid, directly and proximately caused or contributed to cause Plaintiff Dennis Ware to sustain bodily injury, pain and suffering to his face, bilateral shoulders, left knee, bilateral shins, and bilateral feet. Due to his injuries, Plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense. Plaintiff was caused and continues to have pain, suffering, inconvenience, impaired mobility, impaired activities of daily living, the ordinary emotional distress that goes with a fall and his resulting injuries, loss of quality of life and inconvenience.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Costco for damages that are fair and reasonable, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

## COUNT II: NEGLIGENCE

20.    Plaintiff incorporates by reference the allegations of paragraphs 11 through 19, above, as though fully set forth herein.

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

21.     The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

    a.     choosing not to use ordinary care to remedy, barricade, guard against mark or warn about the dangerous condition, when Defendant knew or in exercise of ordinary care could have known about the dangerous condition;

    b.     choosing not to carefully inspect the flatbed cart or the area in which it was placed, for dangerous conditions, such as the one presented by the placement of said flatbed cart in the pathway of guests and invitees; and,

    c.     choosing to allow the flatbed cart to be placed in an area where invitees normally walk, causing Plaintiff to fall, and suffer injuries.

22.     Defendant knew or should or could have known through the use of ordinary care that Plaintiff or others like Plaintiff would walk in the area of the dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition.

23.     As a direct and proximate result of the negligent acts and omissions of Defendant, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Costco for damages that are fair and reasonable, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

Case: 4:26-cv-00797-ZMB   Doc. #: 1-1   Filed: 05/20/26   Page: 8 of 45 PageID #: 12

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

Respectfully submitted,

**GOLDBLATT + SINGER**

*/s/ Greg Z. Florek*
Greg Z. Florek #76244
GOLDBLATT + SINGER
8182 Maryland Ave., Ste. 801
St. Louis, MO 63105
Telephone: (314) 231-4100
Facsimile: (314) 241-5078
gflorek@stlinjurylaw.com
*Attorneys for Plaintiff*

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

**26SL-CC02060**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

February 26, 2026
Date

Dennis Ware
Plaintiff/Petitioner

Case Number

vs.

Division

Costco Wholesale Corporation d/b/a Costco Wholesale #368
Defendant/Respondent

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Dennis Ware__, pursuant
                    Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
STL Investigations, Curtis Martin, O'Fallon, MO 63366                    636-485-0076
Name of Process Server          Address                                          Telephone

Name of Process Server          Address or in the Alternative                    Telephone

Name of Process Server          Address or in the Alternative                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
CT Corporation System
Name                                            Name
5661 Telegraph Rd., Ste. 4B
Address                                         Address
St. Louis, MO 63129
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

Signature of Attorney/Plaintiff/Petitioner
76244
By _____                  Bar No.
    Deputy Clerk                                 8182 Maryland Ave., Ste. 801
                                                 Address
                                                 (314) 231-4100          (314) 241-5078
_____                     Phone No.                Fax No.
Date

CCADM62-WS    Rev. 07/22

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 07/22

**26SL-CC02060**

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

Dennis Ware
Plaintiff/Petitioner

February 26, 2026
Date

Case Number

vs.

Costco Wholesale Corporation d/b/a Costco Wholesale #368
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Dennis Ware_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
STL Investigations, Curtis Martin, O'Fallon, MO 63366 _____ 636-485-0076 _____
Name of Process Server                Address                              Telephone

_____
Name of Process Server        Address or in the Alternative        Telephone

_____
Name of Process Server        Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
CT Corporation System
Name                                            Name
5661 Telegraph Rd., Ste. 4B
Address                                         Address
St. Louis, MO 63129
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:
**JOAN M. GILMER, Circuit Clerk**
                                                Signature of Attorney/Plaintiff/Petitioner
                                                76244
By _____/S/ Adam Dockery_____            Bar No.
   Deputy Clerk                                 8182 Maryland Ave., Ste. 801
                                                Address
       03/03/2026                               (314) 231-4100            (314) 241-5078
Date                                            Phone No.                  Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - St Louis County - February 26, 2026 - 09:49 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site,
https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 07/22



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC02060 |
|---|---|
| Plaintiff/Petitioner:<br>DENNIS WARE<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>GRZEGORZ FLOREK<br>81812 MARYLAND AVENUE<br>SAINT LOUIS, MO  63105 |
| Defendant/Respondent:<br> COSTCO WHOLESALE<br>CORPORATION<br>DBA:   COSTCO WHOLESALE #368 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp for Return)

**The State of Missouri to:**   **COSTCO WHOLESALE CORPORATION**
**Alias:**
**DBA:   COSTCO WHOLESALE #368**
**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 03-MAR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 26SL-CC02060**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
Printed Name of Officer or Server                  Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____
                                                          Date                        Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC02060 |
|---|---|
| Plaintiff/Petitioner:<br>DENNIS WARE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GRZEGORZ FLOREK<br>81812 MARYLAND AVENUE<br>SAINT LOUIS, MO  63105 |
| Defendant/Respondent:<br> COSTCO WHOLESALE<br>CORPORATION<br>DBA:   COSTCO WHOLESALE #368 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File<br>Stamp for<br>Return) |

The State of Missouri to:    **COSTCO WHOLESALE CORPORATION**
**Alias:**
**DBA:   COSTCO WHOLESALE #368**
**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



| 03-MAR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**ST. LOUIS COUNTY**

**Further Information:**
AD

**Case Number: 26SL-CC02060**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:

_____TRACI MACMANN_____ (name) _____INTAKE SPECIALIST_____ (title).

☐ other: _____.

Served at _5661 TELEGRAPH RD, ST. LOUIS MO 63129_ (address)
in _ST. LOUIS COUNTY_ (County/City of St. Louis), MO, on _03/05/26_ (date)
at _11:57AM_ (time).

_____Curtis Martin_____          _____Curtis Martin_____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _March 26 2026_ (date).

My commission expires: _02/13/2026_ _____ _____
                                              Date                    Notary Public

*Notary Seal:*
BLANCA CAMPOS
MY COMMISSION EXPIRES
7-13-2026
NOTARY SEAL
(Seal)
#18414741
ST. CHARLES COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

DENNIS WARE,                           )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )    Cause No.26SL-CC02060
COSTCO WHOLESALE                       )
CORPORATION *d/b/a* COSTCO             )
WHOLESALE #368,                        )
                                       )
        Defendant.                     )
                                       )

## ENTRY OF APPEARANCE

COMES NOW Andy Drazen of Goldblatt + Singer, and hereby enters his appearance on

behalf of Plaintiff in the above-styled cause of action.

**GOLDBLATT + SINGER**

BY: */s/ Andy Drazen*
        Andy Drazen    #59879
        8182 Maryland Avenue, Suite 801
        St. Louis, MO 63105
        D: (314) 641-4610 | F: (314) 241-5078
        adrazen@stlinjurylaw.com
        *ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded via the
Court's electronic filing system on this March 18, 2026, to all attorneys of record.

*/s/ Andy Drazen*

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| DENNIS WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 26SL-CC02060 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| COSTCO WHOLESALE CORPORATION | ) |
| *d/b/a* COSTCO WHOLESALE #368, | ) |
| | ) |
| Defendant. | ) |

## ENTRY OF APPEARANCE

COMES NOW Jennifer L. Woulfe of Galloway, Johnson, Tompkins, Burr & Smith, P.C. and hereby enters her appearance on behalf of Defendant Costco Wholesale Corporation.

> **GALLOWAY, JOHNSON, TOMPKINS,**
> **BURR & SMITH, P.C.**
>
> */s/ Jennifer L. Woulfe*
> John P. Kemppainen, Jr. #42461
> Jennifer L. Woulfe, #64252
> Allison E. Thompson, #75982
> 222 S. Central Avenue, Suite 1110
> St. Louis, Missouri 63105
> Telephone: (314) 725-0525
> Facsimile: (314) 725-7150
> jkemppainen@gallowaylawfirm.com
> allison.thompson@gallowaylawfirm.com
> *Attorneys for Defendant Costco*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served via the Court's electronic filing system on April 6, 2026 upon counsel for Plaintiff: Greg Z. Florek and Andy Drazen, Goldblatt + Singer, 8182 Maryland Ave., Ste. 801, St. Louis, MO 63105, gflorek@stlinjurylaw.com, adrazen@stlinjurylaw.com. Pursuant to Rule 55.03(a), the undersigned certifies that she has signed the original of this pleading and maintains said original at her office.

> */s/ Jennifer L. Woulfe*

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

DENNIS WARE,                                   )
                                               )
        Plaintiff,                             )
                                               )        Cause No.: 26SL-CC02060
v.                                             )
                                               )        JURY TRIAL DEMANDED
COSTCO WHOLESALE CORPORATION )
d/b/a COSTCO WHOLESALE #368,                   )
                                               )
        Defendant.                             )

## DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Defendant Costco Wholesale Corporation, by and through counsel, and for its Answer to Plaintiff Dennis Ware's Petition for Damages, states as follows:

1.      This Defendant has insufficient information to admit or deny the allegations contained in this paragraph of Plaintiff's Petition and therefore denies them.

2.      This Defendant admits it does business in Missouri. This Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Petition.

3.      This Defendant admits Plaintiff alleges acts and injuries occurring in St. Louis County, Missouri. This Defendant denies each and every other allegation contained in this paragraph of Plaintiff's Petition not specifically admitted herein.

4.      This Defendant admits it operated the business located at 4200 Rusty Road in St. Louis County, Missouri. This Defendant denies each and every other allegation contained in this paragraph of Plaintiff's Petition not specifically admitted herein.

5.      This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

6.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

7.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

8.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

9.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

10.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

## COUNT I: PREMISES LIABILITY

11.    This Defendant restates and re-alleges each and every answer, denial, and affirmative defense stated in response to paragraphs 1-10 above and incorporates them by reference as if fully stated herein.

12.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

13.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

14.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

15.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

16.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

17.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

18.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition, including all subparts therein.

19.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

## COUNT II: NEGLIGENCE

20.    This Defendant restates and re-alleges each and every answer, denial, and affirmative defense stated in response to paragraphs 11-19 above and incorporates them by reference as if fully stated herein.

21.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition, including all subparts therein.

22.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

23.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Petition.

## AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS

1.    This Defendant denies each and every allegation contained in Plaintiff's Petition not specifically admitted above.

2.    For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while

Page **3** of **6**
26SL-CC02060

continuing to deny the same, that should it be determined that Plaintiff is entitled to recover under any of the allegations of Plaintiff's Petition, then this Defendant states that Plaintiff's damages, if any, were directly caused or contributed to by Plaintiff's own negligence, and Plaintiff's verdict must be reduced in accordance with Plaintiff's comparative fault as determined by the trier of fact, such negligence or fault consisting of one or more of the following:

a.  Plaintiff failed to keep a careful lookout;
b.  Plaintiff knowingly and voluntarily assumed the risk of injury in that he was aware of and appreciated the condition described in Plaintiff's Petition and he proceeded in the face of that open and obvious condition;
c.  Plaintiff unreasonably failed to appreciate an open and obvious condition;
d.  Plaintiff walked through an area designated for cards;
e.  Plaintiff failed to heed warning signs, including bollards;
f.  Plaintiff walked backwards without looking where he was going; and
g.  Plaintiff was otherwise negligent and/or careless and it was his own movements and actions which caused him to fall and not any negligence of this Defendant.

3.  For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while continuing to deny the same, that Plaintiff has failed to mitigate his damages.

4.  For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while continuing to deny the same, that Plaintiff's action in walking in the area described in the Petition constitutes an assumption of the risk whereby Plaintiff was aware of and appreciated the condition of property alleged in the Petition and voluntarily assumed the risk of injury by walking in the area and is thus barred from recovery under the doctrine of assumption of the risk.

5.  For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while continuing to deny the same, that the condition alleged in Plaintiff's Petition, upon which

Plaintiff claims to have fallen, was open and obvious and, therefore, this Defendant has no duty to Plaintiff and he is barred from recovery.

6.      For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while continuing to deny the same, that Defendant had no notice of the condition alleged in Plaintiff's Petition prior to Plaintiff's alleged fall.

7.      For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while continuing to deny the same, that if Plaintiff is in anyway entitled to recover from this Defendant, then this Defendant should receive an offset or credit to any such judgment in the amount of any settlements or compromises previously or subsequently reached by Plaintiff with any other person or entity for any of Plaintiff's alleged damages pursuant to RSMo. §537.060.

8.      For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any allegations contained in Plaintiff's Petition, and while continuing to deny the same, that any alleged damage suffered by Plaintiff was the proximate result of the negligence and fault of others, over whom this Defendant had no control or right of control, and which constitute an intervening act wherein Defendant's negligence, if any, was not the proximate cause of Plaintiff's alleged damages, and as a result this Defendant should be dismissed.

9.      This Defendant hereby demands a trial by jury.

WHEREFORE, having fully answered, Defendant respectfully seeks an Order of this Court dismissing Plaintiff's claim, Petition, and cause of action with prejudice and costs to

Plaintiff and for whatever other and further relief the Court deems just and proper under the circumstances.

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.**

*/s/Jennifer L. Woulfe*
John P. Kemppainen, Jr. #42461
Allison E. Thompson, #75982
222 S. Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
jkemppainen@gallowaylawfirm.com
allison.thompson@gallowaylawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served via the Court's electronic filing system this **6th** day of **April, 2026** upon: Greg Z. Florek and Andy Drazen, Goldblatt + Singer, 8182 Maryland Ave., Ste. 801, St. Louis, MO 63105, gflorek@stlinjurylaw.com, adrazen@stlinjurylaw.com, *Attorneys for Plaintiff.*

/s/Jennifer L. Woulfe

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

DENNIS WARE,                                )
                                            )
      Plaintiff,                        )
                                            )
                                            )    Cause No.: 26SL-CC02060
v.                                          )
                                            )    JURY TRIAL DEMANDED
COSTCO WHOLESALE CORPORATION )
*d/b/a* COSTCO WHOLESALE #368,              )
                                            )
      Defendant.                        )

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Costco Wholesale Corporation, by and through

counsel, served its Requests for Admissions via E-Mail in WORD format on April 6, 2026 upon

counsel for Plaintiff: Greg Z. Florek and Andy Drazen, Goldblatt + Singer, 8182 Maryland Ave.,

Ste. 801, St. Louis, MO 63105, gflorek@stlinjurylaw.com, adrazen@stlinjurylaw.com.

<div align="right">

**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH, P.C.**

   */s/ Jennifer L. Woulfe*
John P. Kemppainen, Jr. #42461
Jennifer L. Woulfe, #64252
Allison E. Thompson, #75982
222 S. Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
jkemppainen@gallowaylawfirm.com
allison.thompson@gallowaylawfirm.com
*Attorneys for Defendant Costco*

</div>

Page **1** of **1**
26SL-CC02060

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

DENNIS WARE, )
)
    Plaintiff, )
)
                        )    Cause No.: 26SL-CC02060
)
v. )
)    JURY TRIAL DEMANDED
COSTCO WHOLESALE CORPORATION )
*d/b/a* COSTCO WHOLESALE #368, )
)
)
    Defendant. )

## ENTRY OF APPEARANCE

COME NOW John P. Kemppainen, Jr. and Galloway, Johnson, Tompkins, Burr & Smith,

P.C. and hereby enter their appearance on behalf of Defendant Costco Wholesale Corporation.

                                     **GALLOWAY, JOHNSON, TOMPKINS,**
                                       **BURR & SMITH, P.C.**

                                     */s/ John P. Kemppainen, Jr.*
                                       John P. Kemppainen, Jr. #42461
                                       Jennifer L. Woulfe, #64252
                                       Allison E. Thompson, #75982
                                       222 S. Central Avenue, Suite 1110
                                       St. Louis, Missouri 63105
                                       Telephone: (314) 725-0525
                                       Facsimile: (314) 725-7150
                                       jkemppainen@gallowaylawfirm.com
                                       allison.thompson@gallowaylawfirm.com
                                       *Attorneys for Defendant Costco*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served via the Court's electronic filing system on April 6, 2026 upon counsel for Plaintiff: Greg Z. Florek and Andy Drazen, Goldblatt + Singer, 8182 Maryland Ave., Ste. 801, St. Louis, MO 63105, gflorek@stlinjurylaw.com, adrazen@stlinjurylaw.com. Pursuant to Rule 55.03(a), the undersigned certifies that he has signed the original of this pleading and maintains said original at his office.

                                       */s/ John P. Kemppainen, Jr.*

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

DENNIS WARE,                )
                          )
     Plaintiff,         )
                          )    Cause No.: 26SL-CC02060
                          )
v.                       )
                          )    JURY TRIAL DEMANDED
COSTCO WHOLESALE CORPORATION )
*d/b/a* COSTCO WHOLESALE #368,   )
                          )
     Defendant.        )

## ENTRY OF APPEARANCE

COMES NOW Allison E. Thompson of Galloway, Johnson, Tompkins, Burr & Smith, P.C. and hereby enters her appearance on behalf of Defendant Costco Wholesale Corporation.

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.**

*/s/ Allison E. Thompson*
John P. Kemppainen, Jr. #42461
Jennifer L. Woulfe, #64252
Allison E. Thompson, #75982
222 S. Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
jkemppainen@gallowaylawfirm.com
allison.thompson@gallowaylawfirm.com
*Attorneys for Defendant Costco*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served via the Court's electronic filing system on April 6, 2026 upon counsel for Plaintiff: Greg Z. Florek and Andy Drazen, Goldblatt + Singer, 8182 Maryland Ave., Ste. 801, St. Louis, MO 63105, gflorek@stlinjurylaw.com, adrazen@stlinjurylaw.com. Pursuant to Rule 55.03(a), the undersigned certifies that she has signed the original of this pleading and maintains said original at her office.

*/s/ Allison E. Thompson*

Page **1** of **1**
26SL-CC02060

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

DENNIS WARE,                                  )
                                              )
            Plaintiff,                        )        Cause No. 26SL-CC02060
                                              )
v.                                            )
                                              )
COSTCO WHOLESALE                              )
CORPORATION *d/b/a* COSTCO                    )
WHOLESALE #368,                               )
                                              )
            Defendant.                        )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES

COMES NOW Plaintiff Dennis Ware, and in response to Defendant Costco Wholesale Corporation d/b/a Costco Wholesale's affirmative defenses, states and alleges as follows: Plaintiff denies each and every allegation set forth in Defendant's Affirmative Defenses.

WHEREFORE, having fully answered, Plaintiff prays that Defendant's Affirmative Defenses listed in their Answer be denied and dismissed and for such other and further relief as the court deems just and proper under the circumstances presented.

**GOLDBLATT + SINGER**

BY: */s/ Andy Drazen*

Andy Drazen    #59879
8182 Maryland Avenue, Suite 801
St. Louis, MO 63105
D: (314) 641-4610 | F: (314) 241-5078
adrazen@stlinjurylaw.com
*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on April 7, 2026 to all counsel of record.

*/s/ Andy Drazen*

2

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

DENNIS WARE,                  )
                               )
     Plaintiff,            )
                               )     Cause No.: 26SL-CC02060
v.                         )
                               )
COSTCO WHOLESALE CORPORATION )
                               )
     Defendant.       )

## MOTION FOR ENTRY OF PROTECTIVE ORDER

COMES NOW Defendant Costco Wholesale Corporation ("Costco"), by and through counsel, and with the consent of Plaintiff respectfully requests this Court enter the Stipulated Confidentiality and Protective Order, attached hereto as *Exhibit 1*, governing the production of confidential documents and materials by Defendant Costco.

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.**

     */s/Jennifer L. Woulfe*
John P. Kemppainen, Jr. #42461
Jennifer L. Woulfe, #64252
222 S. Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
jkemppainen@gallowaylawfirm.com
jwoulfe@gallowaylawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served via the Court's electronic filing system this __**13**<sup>th</sup>__ day of **April, 2026** upon: Andy Drazen, Goldblatt + Singer, 8182 Maryland Ave., Ste. 801, St. Louis, MO 63105, adrazen@stlinjurylaw.com, *Attorneys for Plaintiff.*

     /s/Jennifer L. Woulfe

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

DENNIS WARE,                                )
                                            )
     Plaintiff,                            )    Cause No. 26SL-CC02060
                                            )
v.                                          )
                                            )
                                            )
COSTCO WHOLESALE                            )
CORPORATION *d/b/a* COSTCO                  )
WHOLESALE #368,                             )
                                            )
     Defendant.                            )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2026, the following documents were

served on Defendant COSTCO Wholesale Corporation *d/b/a* COSTCO Wholesale #368, by

forwarding the same via email transmission to Defendant's counsel of record in this action at the

email address on file with the Court for electronic service:

- Plaintiff's First set of Interrogatories directed to COSTCO Wholesale Corporation *d/b/a* COSTCO Wholesale #368; and

- Plaintiff's First Request for Production of Documents directed to COSTCO Wholesale Corporation *d/b/a* COSTCO Wholesale #368.

### GOLDBLATT + SINGER

BY: */s/ Andy Drazen*
    Andy Drazen    #59879
    8182 Maryland Avenue, Suite 801
    St. Louis, MO 63105
    D: (314) 641-4610 | F: (314) 241-5078
    adrazen@stlinjurylaw.com

*ATTORNEYS FOR PLAINTIFFS*

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

DENNIS WARE,          )
          )
    Plaintiff,      )    Cause No. 26SL-CC02060
          )
v.          )
          )
COSTCO WHOLESALE      )
CORPORATION *d/b/a* COSTCO    )
WHOLESALE #368,      )
          )
    Defendant.     )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2026, the following documents were served on Defendant COSTCO Wholesale Corporation *d/b/a* COSTCO Wholesale #368, by forwarding the same via email transmission to Defendant's counsel of record in this action at the email address on file with the Court for electronic service:

- Plaintiff's First set of Interrogatories directed to COSTCO Wholesale Corporation *d/b/a* COSTCO Wholesale #368; and

- Plaintiff's First Request for Production of Documents directed to COSTCO Wholesale Corporation *d/b/a* COSTCO Wholesale #368.

**GOLDBLATT + SINGER**

BY: */s/ Andy Drazen*
    Andy Drazen   #59879
    8182 Maryland Avenue, Suite 801
    St. Louis, MO 63105
    D: (314) 641-4610 | F: (314) 241-5078
    adrazen@stlinjurylaw.com

*ATTORNEYS FOR PLAINTIFFS*

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

**FILED**

APR 28 2026

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

DENNIS WARE,                          )
                                      )
        Plaintiff,                    )
                                      )       Cause No.: 26SL-CC02060
v.                                    )
                                      )
COSTCO WHOLESALE CORPORATION )
d/b/a COSTCO WHOLESALE #368,          )
                                      )
        Defendant.                    )

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

COME NOW the Parties, by and through counsel, and hereby agree to the following Stipulated Confidentiality and Protective Order for the production of documents by Defendant Costco Wholesale Corporation.

## DEFINITIONS

As used in this Stipulated Confidentiality and Protective Order, the term "Confidential Material(s)" shall mean any and all documents with the title "CONFIDENTIAL" located at the top of the page and non-documentary materials and files that are otherwise labeled to denote their confidential nature, including any excerpts of said materials and/or testimony regarding the same, that are produced by Defendant Costco Wholesale Corporation ("Costco") in this lawsuit, and specifically the following:

**Policies, Procedures & Training Materials**
**Warehouse Surveillance Video**

"Confidential Material(s)" shall include all information contained in said documents, as well as all copies, excerpts, or summaries thereof.

Page 1 of 9

Exhibit
1

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

The term "Confidential Matter(s)" shall mean all "Confidential Material(s)" as well as non-documentary information derived or obtained from the "Confidential Materials(s)" as set forth herein.

**NOW AND THEREFORE:**

1.     Plaintiff filed suit against Defendant Costco, alleging personal injuries as a result of an incident at or near the Costco Warehouse located at 4200 Rusty Road in St. Louis County, MO on or about March 26, 2021, as more fully set forth in the Petition.

2.     The discovery in this case is anticipated to involve documents and materials that contain confidential and proprietary information of Costco. Specifically, discovery in this case is likely to require the production of the policies, procedures, and training materials used by Costco. Costco has expended consideration resources in the development of said materials in order to promote its business interests. Public disclosure of said materials would allow competitors to take advantage of Costco's work product and trade secrets. Costco seeks to protect the confidential nature of these and similar materials through the consistent entry of protective orders in litigation and does not make said materials available to the public. Additionally, this case is expected to involve the production of warehouse surveillance video. Production of said video tends to reveal the placement of coverage of this Defendant's security cameras, which could be used by potential bad actors if publicly available. Additionally, the software necessary to play the video is a third-party proprietary software, the license for which cannot be made generally available to the public. Finally, the video shows members, employees, and other individuals who are not involved in this litigation, and unrestricted distribution of their likenesses unreasonably violates their legitimate expectation of privacy.

3. Therefore, the Parties stipulate and agree that the ends of justice will be served by the following Order setting forth the procedures and rules governing the discovery, copying, use and return of the confidential matters, materials, and information derived from said materials. The parties hereby stipulate and agree to the following:

A. The confidential materials and confidential matters, as defined herein, shall be used **only** by persons to whom it is disclosed for the purposes of this litigation and not for any business or any other purpose. The confidential materials and confidential matters defined herein shall not be produced to the media or others not authorized by this order or placed in the public domain or made a matter of public record by any means whatsoever except as provided below in paragraph 6.

B. The confidential materials, confidential matters and copies of compiled information derived therefrom shall remain **exclusively** in the possession of the attorneys to whom such matter is produced, and they shall not permit any such confidential matter or confidential materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel of record as described in paragraph 4A, for filing with the Court as described in paragraph 6, and/or for use by consulting or testifying experts as described in paragraph 4C.

C. The Confidential Materials, excerpts from said Confidential Materials, and compiled information derived therefrom shall not be uploaded to, shared with, or otherwise permitted to be accessed by any public internet search engine or public, non-compartmentalized generative artificial intelligence

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

application or software (e.g., ChatGPT, Google Bard, Claude, etc.). Such submission shall be deemed a disclosure to an impermissible third party. Counsel and retained experts may use an internal, closed artificial intelligence tool that does not learn from the inputted material (e.g., Harvey AI, Relativity, ChatGPT Enterprise, etc.) for review of Confidential Materials for purposes of this litigation only. Before submitting any Confidential Material to a permissible artificial intelligence tool, the receiving party must ensure that said materials can be deleted from said tool and upon the conclusion of this litigation, the receiving party must permanently delete all Confidential Material and related outputs from any artificial intelligence.

4.    Except upon further Order of the Court or by express written consent of counsel for the Parties, Confidential Matters, Materials and/or Information furnished by Defendant in this action shall not be disclosed to any person(s) other than:

A.    Named parties; employees of named parties who are actively engaged in the conduct of this litigation; counsel of record and general counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, paralegals, secretaries, legal assistants, and employees of such general counsel and counsel of record, to the extent reasonably necessary to render professional services to the parties;

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

B.    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court;

C.    Outside consultants or expert witnesses (both consulting and testifying) to be utilized for the purposes of this litigation by the parties upon agreement of such consultants or expert witnesses to be bound by the terms of this Confidentiality and Protective Order, as evidenced by their execution of the attached Exhibit A.

D.    Witnesses or prospective witnesses, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing or deposition, and only after such witness or prospective witness agrees to be bound by this Confidentiality and Protective Order, as evidenced by their execution of the attached Exhibit A. Under no circumstances may Confidential Materials be retained by a deponent, witness, or prospective witness.

5.    The recipient of any Confidential Matters and Materials provided pursuant to this Order shall maintain such Confidential Matters and Materials in a secure and safe area. The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other those persons authorized herein. Counsel sharing any Confidential Materials with the persons described in paragraphs 4C and D, *supra*, shall maintain all signed Exhibit A agreements by which such persons have agreed to be bound by this Order, and upon good cause shown, counsel shall be required to furnish such Exhibit A agreements pursuant to Court Order for an in-camera review.

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

6. **Filing Confidential Information.** If any Confidential Matters, Materials or information, as defined by this Order, is filed with the Court as a part of a pleading, motion, or brief, those Confidential Materials shall be filed separately in a sealed envelope containing the following notice: **"CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER,"** together with a cover sheet stapled to the sealed envelope containing the case caption, signature of the attorney for the filing party and a list of the title(s) of the confidential document(s) or through any procedure as set forth by the court or its online filing system provider for filing of documents under seal.

7. A request to designate as Confidential Material deposition transcripts or portions thereof may be made either (a) when the testimony is recorded, or (b) by written notice to all counsel of record within fourteen business days after the designating party's receipt of the transcript. A party may seek modification or withdrawal of any such designation consistent with paragraph 12. Once deposition testimony is designated as Confidential Material, counsel shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the designating party. When testimony is designated as CONFIDENTIAL at a deposition, the designating party may exclude from the deposition all persons other than those to whom the Confidential Material may be disclosed under paragraph 4 of this Order. Any party may mark Confidential Materials as a deposition exhibit, provided the deponent is one to whom the exhibit may be disclosed under paragraph 4 of this Order and the exhibit and related transcript pages automatically receive a designation as Confidential Material.

8. This Order shall not apply to documents which were not obtained from the parties to this suit and/or third parties producing documents in the course of this litigation and shall not apply to information in the public domain regardless of whether or not such information is also

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

contained in discovery materials consisting of the confidential materials, confidential matters, or other information or compilations or copies thereof in this case.

9.     Nothing in this Order shall preclude any party from being compelled to disclose the confidential materials or confidential matters pursuant to any law, regulation or order or rule of any governmental authority, including, without limitation, any regulatory agency or court pursuant to any demand or request incident to any proceedings before any governmental authority; provided, however, that the parties shall give prompt written notice to Costco at "Costco Wholesale Corporation, Risk Management Department, 730 Lake Drive, Issaquah, WA 92027" with copies to the undersigned counsel of record for Costco in advance of any such disclosure and afford the opportunity to seek legal protection from disclosure of such information.

10.     Upon conclusion of this action, the confidential materials produced pursuant to this Stipulated Confidentiality and Protective Order shall be returned to the party producing them, stored and disposed of according to the receiving party's normal file retention procedures (providing the confidentiality of the materials is maintained until they are destroyed) or otherwise destroyed, but nothing in this Order shall require the return of pleadings or other Court papers which are in the public domain.

11.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

12.     Nothing in this Order shall prevent the receiving party of any documents or materials marked as CONFIDENTIAL from contesting said designation with the Court.

**GOLDBLATT ± SINGER**

By: __/s/Andy T. Drazen__

**GALLOWAY, JOHNSON,
TOMPKINS, BURR & SMITH, P.C.**

By: __/s/Jennifer L. Woulfe__

Page **7** of **9**

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

Andy T. Drazen, #59879
8182 Maryland Ave., Ste. 801
St. Louis, MO 63105
Telephone: (314) 231-4100
Facsimile: (314) 241-5078
adrazen@stlinjurylaw.com
*Attorneys for Plaintiff*

John P. Kemppainen, #42461MO
Jennifer L. Woulfe, #64252MO
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
jkemppainen@gallowaylawfirm.com
jwoulfe@gallowaylawfirm.com
*Attorneys for Costco Wholesale Corporation*

**SO ORDERED:**

4/28/26

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

DENNIS WARE,                                    )

Page **8** of **9**

Electronically Filed - ST LOUIS COUNTY - April 13, 2026 - 03:43 PM

|  |  |
|---|---|
| Plaintiff, | ) |
| | ) |
| | ) Cause No.: 26SL-CC02060 |
| v. | ) |
| | ) |
| COSTCO WHOLESALE CORPORATION | ) |
| d/b/a COSTCO WHOLESALE #368, | ) |
| | ) |
| Defendant. | ) |

## EXHIBIT A

I, _____, hereby certify and agree that:

    a.    I have read and understand the terms of the Stipulated Confidentiality and Protective ("Order") in the above-captioned suit, *Dennis Ware v. Costco Wholesale Corporation.*

    b.    I agree to be bound by the terms and conditions of the Order and, except as provided in the Order, I will not use or disclose to anyone any of the contents of any materials labeled "CONFIDENTIAL" received under the protection of the Order. I further agree not to use any such information for any purpose other than this litigation.

    c.    I understand that I am to retain all copies of any of the protected materials that have been designated as Confidential Materials in a safe and secure place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order.

    d.    I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

    e.    I hereby agree to be bound by and subject to the jurisdiction of whatever Court in which this lawsuit is pursued.

_____        _____
Printed Name                                  Date

_____        _____
Signature

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

DENNIS WARE,                                    )
                                                )
    Plaintiff,                        )
                                                )   Cause No.: 26SL-CC02060
v.                                              )
                                                )   JURY TRIAL DEMANDED
COSTCO WHOLESALE                                )
CORPORATION *d/b/a* COSTCO                      )
WHOLESALE #368,                                 )
                                                )
    Defendant.                        )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of May, 2026, Plaintiff's

Responses to Defendant's Request for Admission were served in PDF format to all

counsel of record via electronic mailing to the following:

**Galloway, Johnson, Tompkins,**
**Burr & Smith, P.C.**
John P. Kemppainen, Jr.
Jennifer L. Woulfe
Allison E. Thompson
222 S. Central Ave. Ste. 1110
St. Louis, MO 63105
jkemppainen@gallowaylawfirm.com
allison.thompson@gallowaylawfirm.com
*Attorneys for Defendant Costco*

**GOLDBLATT + SINGER**

BY:*/s/ Andy Drazen*
    Andy Drazen    #59879
    8182 Maryland Avenue, Suite 801
    St. Louis, MO 63105
    D: (314) 641-4610 | F: (314) 241-5078
    adrazen@stlinjurylaw.com
    *Attorney for Plaintiff*